No. 25-20058

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

DEREK DEWAYNE SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

_____

BRIEF FOR APPELLANT

_____

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas

R. VICTORIA GARCÍA-CROSS
Assistant Federal Public Defender
Attorneys for Appellant
440 Louisiana Street, Suite 1350
Houston, Texas 77002
Telephone: (713) 718-4600

## CERTIFICATE OF INTERESTED PERSONS

United States v. Derek Dewayne Smith,
No. 25-20058

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case.

1. Senior District Judge: Hon. David Hittner.

2. Magistrate Judge: Hon. Christina A. Bryan.

3. Defendant-Appellant: Derek Dewayne Smith.

4. Plaintiff-Appellee: United States of America.

5. Counsel for Plaintiff-Appellee: United States Attorney Nicholas J. Ganjei; Former United States Attorney Alamdar S. Hamdani; and Assistant United States Attorneys Jay Hileman and Carmen Castillo Mitchell.

6. Counsel for Defendant-Appellant: Federal Public Defender Philip G. Gallagher; Former Federal Public Defender Marjorie A. Meyers; and Assistant Federal Public Defenders Devin A. Prater and R. Victoria García-Cross.

These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

s/ *R. Victoria García-Cross*
R. VICTORIA GARCÍA-CROSS

i

## REQUEST FOR ORAL ARGUMENT

Defendant-Appellant Derek Dewayne Smith requests oral argument.  The issue on appeal concerns whether the district court plainly erred by relying on bare arrest records when sentencing Mr. Smith.  Oral argument will assist the court in resolving this issue.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

REQUEST FOR ORAL ARGUMENT .................................................................. ii

TABLE OF CONTENTS....................................................................................... iii

STATEMENT OF JURISDICTION......................................................................1

STATEMENT OF THE ISSUE.............................................................................2

STATEMENT OF THE CASE...............................................................................3

SUMMARY OF THE ARGUMENT .....................................................................8

ARGUMENT ........................................................................................................9

     The district court plainly erred and imposed a substantively unreasonable sentence because it relied on bare arrest records when sentencing Mr. Smith for violating his supervised release conditions............9

  A.    Standard of review.......................................................................9

  B.    The district court erred by relying on bare arrest records when sentencing Mr. Smith..............................................................10

  C.    The error is clear or obvious under *Foley*. ...............................14

  D.    The error impacted Mr. Smith's substantial rights..................14

  E.    This Court should exercise its discretion to correct the error. ...............15

CONCLUSION....................................................................................................17

CERTIFICATE OF SERVICE ............................................................................18

CERTIFICATE OF COMPLIANCE....................................................................19

# TABLE OF CITATIONS

**Page**

## CASES

*Molina-Martinez v. United States*, 578 U.S. 189 (2016) ..........................................15

*Rosales-Mireles v. United States*, 585 U.S. 129 (2018) .........................................15

*United States v. Campos*, 922 F.3d 686
  (5th Cir. 2019)......................................................................................................9, 14

*United States v. Foley*, 946 F.3d 681
  (5th Cir. 2020)...................................................................................... *passim*

*United States v. Hamm*, No. 23-10511, 2023 WL 8798091
  (5th Cir. Dec. 20, 2023) (unpublished) ................................................................14

*United States v. Johnson*, 956 F.3d 740
  (5th Cir. 2020).......................................................................................................15

*United States v. Luna-Gonzalez*, 34 F.4th 479
  (5th Cir. 2022).......................................................................................................12

*United States v. Olano*, 507 U.S. 725 (1993) ........................................................9

*United States v. Oyervides*, No. 21-50844, 2022 WL 780424
  (5th Cir. Mar. 14, 2022) (unpublished) ................................................................11

*United States v. Rivera*, 784 F.3d 1012
  (5th Cir. 2015).......................................................................................................13

*United States v. Rodriguez-Flores*, 25 F.4th 385
  (5th Cir. 2022).......................................................................................................14

*United States v. Schrock*, No. 24-50050, 2024 WL 4891787
  (5th Cir. Nov. 26, 2024) (unpublished) ................................................................11

*United States v. Sims*, No. 24-10779, 2025 WL 1135016
  (5th Cir. Apr. 17, 2025) (unpublished) ................................................................13

*United States v. Walker*, 742 F.3d 614
  (5th Cir. 2014).......................................................................................................13

# TABLE OF CITATIONS - (cont'd)

**Page**

## CASES - (cont'd)

*United States v. Wooley*, 740 F.3d 359
(5th Cir. 2014).........................................................................13

*United States v. Zarco-Beiza*, 24 F.4th 477
(5th Cir. 2022).........................................................................16

## STATUTES AND RULES

18 U.S.C. § 1708.........................................................................3

18 U.S.C. § 3742.........................................................................1

28 U.S.C. § 1291.........................................................................1

Fed. R. App. P. 4(b)(1)(A)(i) ......................................................1

Fed. R. App. P. 4(b)(2)...............................................................1

## SENTENCING GUIDELINES

USSG §7B1.1(a)(3).....................................................................4

## STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked under 28 U.S.C. § 1291, as an appeal from a final judgment of revocation and sentence in the United States District Court for the Southern District of Texas, and under 18 U.S.C. § 3742, as an appeal of a sentence imposed under the Sentencing Reform Act of 1984.

The judgment appealed from was entered on the docket on February 28, 2025. Mr. Smith filed his notice of appeal on February 21, 2025, after the announcement of the judgment and sentence on February 13, 2025. This appeal therefore is timely. *See* Fed. R. App. P. 4(b)(1)(A)(i) & (b)(2).

## STATEMENT OF THE ISSUE

Whether the district court plainly erred and imposed a substantively unreasonable sentence because it relied on bare arrest records when sentencing Mr. Smith for violating his supervised release conditions.

## STATEMENT OF THE CASE

On February 6, 2020, the government filed a superseding indictment in the Houston Division of the Southern District of Texas against Mr. Derek Dewayne Smith that alleged various charges, including the possession of stolen mail in violation of 18 U.S.C. § 1708 (Count Four).  ROA.37-41.

Mr. Smith pled guilty to Count Four of the superseding indictment pursuant to a plea agreement.  ROA.85, 229-239.  In accordance with the plea agreement, the government moved to dismiss the remaining charges in the superseding indictment.  ROA.105.  The district court granted that motion.  ROA.105.  The court sentenced Mr. Smith to 42 months' imprisonment, three years of supervised release, no fine, and a $100 special assessment.  ROA.106-111.  Mr. Smith began his term of supervised release on August 12, 2022.[1]

On August 8, 2023, the United States Probation Office filed a petition seeking revocation of Mr. Smith's term of supervised release.  ROA.122.  It alleged five violations of supervised release conditions: (1) illegal possession and use of methamphetamine on February 10, 2023; (2) failure to participate in a drug and alcohol treatment program; (3) failure to participate as directed in a sex offender

---

[1] Prior to his release, the district court modified Mr. Smith's supervised release conditions, with agreement from all parties, to require Mr. Smith to stay at a halfway house for up to six months while he searched for housing.  ROA.112-113, 117-118, 205-208.

treatment program; (4) failure to submit monthly reports to the probation officer; and (5) failure to report to the U.S. Probation Office as directed in July of 2023. ROA.122-125.  The petition did not reference any new criminal charges against Mr. Smith.  ROA.122-125.

Mr. Smith was arrested in the Western District of Texas.  He attended an initial appearance in that district on October 31, 2024,[2] before being transferred to the Southern District of Texas for further proceedings.  ROA.11-12.  On February 4, 2025, he appeared before a magistrate judge in the Southern District of Texas, where he received appointed counsel.  ROA.216-217.  He did not receive information about any new criminal charges during either of these hearings.

On February 13, 2025, Mr. Smith appeared before the district court for a revocation hearing.  ROA.220-228.  He pled true to all five violations alleged in the petition.  ROA.221.  The probation office identified a Sentencing Guidelines range of 5-11 months' imprisonment,[3] ROA.225, and the court allowed the parties to make arguments about the appropriate sentence.

---

[2] Mr. Smith will contemporaneously file a motion to supplement the record on appeal with the transcript of the October 31, 2024, initial appearance.

[3] All violations listed in the petition to revoke supervised release were Grade C violations. *See* USSG §7B1.1(a)(3).  Mr. Smith had a criminal history category of III.  *See* ROA.310.

Defense counsel requested a sentence "at the low end of the guideline range." ROA.222. She explained that Mr. Smith's violations were a result of mental health difficulties he experienced after being sexually assaulted upon his release from prison. ROA.222. She said that he understood the seriousness of his violations and "does not want to spend the rest of his days in and out of custody." ROA.222, 224. Defense counsel then had the following exchange with the district court:

> DEFENSE COUNSEL: I will note that although he did abscond from supervision, he did not pick up any new charges.
>
> COURT: Well, I think he's got some pending now in a different county.
>
> DEFENSE COUNSEL: I believe that there were cases that were pending at the time of his original sentencing before this Court; however, it is my understanding that those cases have all been wrapped into one case. . . . [and] my client's understanding is that they were dismissed. . . .
>
> MR. SMITH: That's correct. There shouldn't be any cases.
>
> DEFENSE COUNSEL: Again, my client is adamant there are no other cases that he is aware of. Are there?
>
> PROBATION OFFICER: Yes.
>
> DEFENSE COUNSEL: I stand corrected. It sounds as if probation does have new cases. I have not been provided with any notice of them at this time.

ROA.223. Defense counsel then argued that, nonetheless, a sentence at the low end of the Guidelines was appropriate. ROA.223-224.

The government recommended a sentence "at the highest end of the guidelines." ROA.224. It argued Mr. Smith had failed to report "for quite some time." ROA.224. It then added:

> He was arrested in Williamson County, Texas, pursuant to the Court's warrant and at that time was charged with evading arrest and failure to identify himself. So he does have two pending charges in Williamson County that are a result from his arrest on this warrant. So for those reasons I'd ask for a high end sentence, Your Honor.

ROA.225.

Defense counsel, at that point, asked if she could "have a moment to show my client the information I got from the probation office"—a document that listed "[a] case" against Mr. Smith with an upcoming "court date on March 25th." ROA.225. After a brief pause in proceedings, defense counsel re-urged her prior arguments, emphasizing that Mr. Smith had been in continuous custody since October of 2023 and had used that time to "contemplate not only his behavior, but again[,] the direction of where he wants his life to go." ROA.226.

The court decided that "an upward variance [wa]s appropriate" based on Mr. Smith having "absconded for one and one half years; and also based upon the history and characteristics of the defendant -- he failed a drug test and pending new law violations." ROA.226-227. It sentenced Mr. Smith to two years' imprisonment, to

6

be served consecutively to any other pending charges.  ROA.227.  It did not impose

an additional term of supervised release.  ROA.227.

At the end of the hearing, defense counsel had a final exchange with the

district court about the pending state cases:

> DEFENSE COUNSEL: . . . [Mr. Smith is] very frustrated.  From his
> perspective he believes that the state case was dismissed.  If I get
> information that suggests that perhaps the state case is dismissed,
> contrary to the information before the Court, would the Court be willing
> to entertain a written –
>
> COURT: You can file a request for a rehearing.

ROA.228.

Mr. Smith timely filed a notice of appeal on February 21, 2025.  ROA.143;

ROA.150 (judgment entered February 28, 2025).

## SUMMARY OF THE ARGUMENT

The district court plainly erred and imposed a substantively unreasonable sentence because it relied on bare arrest records when sentencing Mr. Smith. First, the court erred by relying on Mr. Smith's bare arrest records. In *United States v. Foley*, 946 F.3d 681 (5th Cir. 2020), this Court explained that a district court abuses its discretion if it relies on a bare arrest record when sentencing a defendant for violating supervised release conditions. The district court did so here. It expressly relied on Mr. Smith's alleged new law violations when sentencing him, despite the absence of evidence in the record concerning these alleged new crimes. This error is plain because it is clear and obvious under this Court's decision in *Foley*. It affected Mr. Smith's substantial rights because the court cited the alleged new law violations as a reason for its sentencing decision, and there is a reasonable probability the court would have imposed a lower sentence absent consideration of this factor. Finally, this is a serious error that affects the fairness, integrity, and public reputation of judicial proceedings. The Court should vacate Mr. Smith's sentence and remand for resentencing.

## ARGUMENT

The district court plainly erred and imposed a substantively unreasonable sentence because it relied on bare arrest records when sentencing Mr. Smith for violating his supervised release conditions.

### A. Standard of review.

This Court generally considers "the substantive reasonableness of the sentence imposed [at a revocation hearing] under an abuse-of-discretion standard." *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020). A sentence is substantively unreasonable if it does not account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *Id.*

The Court reviews unpreserved substantive reasonableness challenges like this one for plain error. *See United States v. Campos*, 922 F.3d 686, 688 (5th Cir. 2019); *see also United States v. Olano*, 507 U.S. 725, 732 (1993). To show plain error, a defendant must prove (1) the district court erred, (2) the error is plain, (3) it affects his substantial rights, and (4) failure to correct the error would affect the fairness, integrity, or public reputation of the judicial proceedings. *Campos*, 922 F.3d at 688.

**B. The district court erred by relying on bare arrest records when sentencing Mr. Smith.**

A defendant can demonstrate that a revocation sentence is substantively unreasonable if they prove (1) the district court gave "significant weight to an irrelevant or improper factor" and (2) that impermissible consideration was a "dominant factor" in the court's revocation sentence. *Foley*, 946 F.3d at 685 (cleaned up and quotation omitted). Mr. Smith can prove both.

First, the district court gave significant weight to an irrelevant or improper factor, Mr. Smith's bare arrest records. This Court has explained that it is improper for a district court to rely "on a bare allegation of a new law violation" when sentencing a defendant for violating supervised release conditions. *Id.* at 687. An alleged new law violation is "bare" when it "refers to the mere fact of an arrest" without "information about the underlying facts." *Id.* "[A]n arrest record is not bare" if it is "accompanied by a factual recitation of the defendant's conduct that gave rise to a prior unadjudicated arrest," and if "that factual recitation has an adequate evidentiary basis with sufficient indicia of reliability." *Id.* (cleaned up and citing *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013)).

In *Foley*, the Court found this same district court erred by relying on a revocation petition that "contain[ed] only bare allegations" of new law violations involving drug possession and assault. *Foley*, 946 F.3d at 687. The petition in that

case contained "information about the date, charge, jurisdiction, and disposition of the pending possession and assault charges," as well as information about the defendant's "next court dates." *Id.* at 687. However, it did not "provide any context regarding the underlying facts and circumstances surrounding Foley's arrest or his conduct leading to the arrest." *Foley*, 946 F.3d at 687. The parties also did not introduce evidence related to those charges during the revocation hearing. *Id.* Ultimately, this Court found the defendant's bare arrest records "were not supported by evidence at the revocation hearing" and did not "have other indicia of reliability." *Id.* at 687-88. It concluded that the district court erred in considering the alleged new law violations at sentencing.

In contrast, in *Oyervides*, the Court rejected a bare arrest record claim when "the [revocation] petition contained a detailed description of the facts underlying Oyervides's arrest," including "the victims' detailed recounting of events and the arresting officers' observations of the victims' injuries." *United States v. Oyervides*, No. 21-50844, 2022 WL 780424, at *2 (5th Cir. Mar. 14, 2022) (unpublished). Under these circumstances, the Court concluded, the "factual underpinnings" articulated in the petition provided "sufficient indicia of reliability" for the court to rely on the petition at sentencing. *Id.*; *see also United States v. Schrock*, No. 24-50050, 2024 WL 4891787, at *1 (5th Cir. Nov. 26, 2024) (unpublished) (rejecting a

11

bare arrest record claim because the revocation petition "included a detailed summary of the facts and circumstances leading to Schrock's arrest.").

Here, as in *Foley*, the district court relied on bare allegations of new law violations when sentencing Mr. Smith. The district court expressly relied on Mr. Smith's "pending new law violations" when articulating the sentence. ROA.227. But the record did not contain evidence supporting those alleged new law violations. ROA.220-228. The petition for revocation of supervised release did not reference any new, pending charges. ROA.122-125. Mr. Smith did not receive any information about any new charges during the initial appearance or counsel determination hearings. ROA.215-217; *see supra* n.2. And the parties did not present evidence regarding any new charges during the revocation hearing. While the prosecutor referenced new law violations when making his sentencing recommendation, the unsworn arguments of the prosecutor are not evidence. ROA.225; *see also United States v. Luna-Gonzalez*, 34 F.4th 479, 480 (5th Cir. 2022). And in any event, the prosecutor's arguments never included any details about Mr. Smith's alleged new crimes. *See Foley*, 946 F.3d at 687. Mr. Smith's alleged new law violations thus had no basis in evidence and no other indicia of reliability. The court erred in relying on them at sentencing. *See Foley*, 946 F.3d at 687.

Mr. Smith's alleged new law violations were also a dominant factor in the court's decision. An improper consideration is a "dominant factor" at sentencing when the record indicates that the court gave it "substantial weight." *Foley*, 946 F.3d at 688 (citing *United States v. Wooley*, 740 F.3d 359, 361-63 (5th Cir. 2014), and *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015)). An improper consideration is not a "dominant factor" at sentencing if it is a "secondary concern or additional justification for the sentence." *United States v. Walker*, 742 F.3d 614, 617 (5th Cir. 2014); *see also United States v. Sims*, No. 24-10779, 2025 WL 1135016 (5th Cir. Apr. 17, 2025) (unpublished).

Here, the district court expressly relied on Mr. Smith's "pending new law violations" when determining the sentence. ROA.227. This factor was one of few facts cited by the court to justify its above-Guidelines sentence—a sentence nearly five times what the defense recommended, more than twice what the prosecutor recommended, and the maximum permitted by statute. ROA.226-227. The court also instructed defense counsel to file "a request for rehearing" if she received updated information about the state charges being dismissed. ROA.226-228. These statements all indicate the court gave the alleged new law violations "substantial weight" at sentencing. *Cf. Sims*, 2025 WL 1135016, at *1 (finding the district court's consideration of a single positive urinalysis result was not a "dominant factor" at

sentencing because the petition also alleged four additional positive urinalysis results, and the district court "made repeated references to his failure to appear at the continued revocation hearing" during sentencing); *United States v. Hamm*, No. 23-10511, 2023 WL 8798091, at *2 (5th Cir. Dec. 20, 2023) (unpublished) (finding a bare arrest record was not a dominant factor in the court's decision because the court disclaimed reliance on that factor).  The alleged new law violations were a dominant factor in the court's sentencing decision.

## C. The error is clear or obvious under *Foley*.

An error is plain if it is clear and obvious.  *See Campos*, 922 F.3d at 686. Specifically, an error is plain if it is clear from a straightforward application of case law. *See, e.g.*, *United States v. Rodriguez-Flores*, 25 F.4th 385 (5th Cir. 2022) (error clear based on "a straightforward application of *Mathis*").

In *Foley*, this Court concluded that a district court errs if it "relies on a bare allegation of a new law violation" when sentencing a defendant for violating supervised release conditions.  *Foley*, 946 F.3d at 688.  This Court's error in this case was clear from a straightforward application of *Foley*.  It was therefore plain.

## D. The error impacted Mr. Smith's substantial rights.

To satisfy the third prong of plain error, Mr. Smith must show "a reasonable probability that, but for the error, the outcome of the proceeding would have been

different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quotations omitted). When analyzing the impact of an error at sentencing, this Court may consider "the district court's statements at the sentencing hearing." *United States v. Johnson*, 956 F.3d 740, 746 (5th Cir. 2020).

As discussed above, the district court in this case expressly relied on Mr. Smith's alleged new law violations when imposing this above-Guidelines sentence. ROA.227. This consideration was one of few facts cited by the district court to explain its decision. ROA.226-227. And the court directed defense counsel to file "a request for rehearing" if she learned the new charges had been dismissed. ROA.228. Based on the district court's statements, there is a reasonable probability that, absent consideration of the alleged new law violations, the outcome of the proceeding would have been different.

**E. This Court should exercise its discretion to correct the error.**

To satisfy the fourth prong of plain error, Mr. Smith must prove the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez*, 578 U.S. at 194. The Supreme Court has also held that sentencing errors "threaten[ing] to require individuals to linger longer in federal prison than the law demands" will affect the fairness, integrity, or public reputation of the proceedings. *Rosales-Mireles v. United States*, 585 U.S. 129, 141 (2018).

15

Here, the district court erred when sentencing Mr. Smith.  This error was significant in light of this Court's "repeated and unequivocal" warnings against relying on bare arrest records at sentencing.  *United States v. Zarco-Beiza*, 24 F.4th 477, 483 (5th Cir. 2022); *see also Foley*, 946 F3d at 686.  It may require Mr. Smith to "linger longer in federal prison than the law demands." *Rosales-Mireles*, 585 U.S. at 141.  This error thus affects the fairness, integrity or public reputation of judicial proceedings, and the Court should exercise its discretion to correct it.  The Court should vacate Mr. Smith's sentence and remand for resentencing.

# CONCLUSION

For the reasons discussed above, this Court should vacate the sentence and remand to the district court for resentencing.

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas

_s/ R. Victoria García-Cross_
R. VICTORIA GARCÍA-CROSS
Assistant Federal Public Defender
Attorneys for Appellant
440 Louisiana Street, Suite 1350
Houston, Texas 77002
Telephone: (713) 718-4600

**CERTIFICATE OF SERVICE**

I certify that on August 12, 2025, this brief was served upon counsel for the appellee by notice of electronic filing with the Fifth Circuit CM/ECF system.

_s/ R. Victoria García-Cross_
R. VICTORIA GARCÍA-CROSS

# CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) & (f) because it contains 3,060 words.

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Office 365 software (current version) in Times New Roman 14-point font in text and Times New Roman 12-point font in footnotes.

3.  This brief was filed electronically, in native Portable Document File (PDF) format, via the Fifth Circuit's CM/ECF system.

4.  This brief complies with the privacy-redaction requirement of 5TH CIR. R. 25.2.13 because it has been redacted of any personal data identifiers.

5.  This brief complies with the electronic-submission requirement of 5TH CIR. R. 25.2.1 because it is an exact copy of the paper document.

6.  This brief has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.


*s/ R. Victoria García-Cross*
R. VICTORIA GARCÍA-CROSS