No. 25-20058


IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT


UNITED STATES OF AMERICA,
Plaintiff-Appellee,


v.


DEREK DEWAYNE SMITH,
Defendant-Appellant.


Appeal from the United States District Court
for the Southern District of Texas


_____


REPLY BRIEF FOR APPELLANT

_____


PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas

R. VICTORIA GARCÍA-CROSS
Assistant Federal Public Defender
Attorneys for Appellant
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056
Telephone: (713) 718-4600

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS............................................................................ ii

TABLE OF CITATIONS .......................................................................... iii

STATEMENT OF THE REPLY ISSUE .................................................1

ARGUMENT ...........................................................................................2

      REPLY ISSUE RESTATED: The district court plainly erred and imposed a substantively unreasonable sentence because it relied on bare arrest records when sentencing Mr. Smith for violating his supervised release conditions.........................................................................................2

CONCLUSION .......................................................................................15

CERTIFICATE OF SERVICE ...............................................................16

CERTIFICATE OF COMPLIANCE .......................................................17

# TABLE OF CITATIONS

**Page**

## CASES

*Jackson v. United States*, 250 F.2d 897
(5th Cir. 1958) ........................................................................7

*United States v. Campos*, 922 F.3d 686
(5th Cir. 2019) ........................................................................6

*United States v. Canales-Martinez*, 558 F. App'x 467
(5th Cir. 2014) (unpublished) ...................................... 12-13

*United States v. Cotten*, 650 F. App'x 175
(5th Cir. 2016) (unpublished) ...................................... 10-11

*United States v. Dodson*, 288 F.3d 153
(5th Cir. 2002) ........................................................................6

*United States v. Foley*, 946 F.3d 681
(5th Cir. 2020) ...................................................................2, 6

*United States v. Gallegos-Ortiz*, 843 F. App'x 610
(5th Cir. 2021) (unpublished) ..............................................10

*United States v. Gonzalez-Achondo*, 493 F. App'x 539
(5th Cir. 2012) (unpublished) ..............................................11

*United States v. Herrera-Ochoa*, 245 F.3d 495
(5th Cir. 2001) ........................................................................2

*United States v. Mims*, 992 F.3d 406
(5th Cir. 2021) .................................................................. 12-14

*United States v. Reynoso-Escuadra*, 821 F. App'x 330
(5th Cir. 2020) (unpublished) ...................................... 10-11

*United States v. Rivera*, 784 F.3d 1012
(5th Cir. 2015) ......................................................................12

# TABLE OF CITATIONS – (cont'd)

**Page**

## CASES – (cont'd)

*United States v. Salazar*, 633 F. App'x 267
    (5th Cir. 2016) (unpublished) ........................................................... 11-12

*United States v. Willis*, 76 F.4th 467
    (5th Cir. 2023) ............................................................................................9

*United States v. Zarco-Beiza*, 24 F.4th 477
    (5th Cir. 2022) ............................................................................................4

## STATUTES AND RULES

18 U.S.C. § 3582(c)(2) ....................................................................... 11-12

Fed. R. Evid. 201 ....................................................................................2

Tex. Penal Code § 38.02 ..........................................................................7

Tex. Penal Code § 38.04 ..........................................................................7

## SENTENCING GUIDELINES

USSG §7B1.1(a) .....................................................................................14

## STATEMENT OF THE REPLY ISSUE

Whether the district court plainly erred and imposed a substantively unreasonable sentence because it relied on bare arrest records when sentencing Mr. Smith for violating his supervised release conditions.

# ARGUMENT

**REPLY ISSUE RESTATED:** The district court plainly erred and imposed a substantively unreasonable sentence because it relied on bare arrest records when sentencing Mr. Smith for violating his supervised release conditions.

In his opening brief, Mr. Smith argued that the district court plainly erred when sentencing him for violating his supervised release conditions. *See* Brief of Appellant ("Def. Br.") 9-17. First, he explained that the court erred by imposing a substantively unreasonable sentence. Specifically, he explained that his sentence was substantively unreasonable because the court relied on an irrelevant or improper consideration—the bare fact of his then-pending state charges[1]—as a dominant factor in its sentencing decision. *See id.* at 10-14. Second, he explained the error was plain under this Court's decision in *United States v. Foley*, 946 F.3d 681 (5th Cir. 2020). Def. Br. 14. Finally, he argued that there was a reasonable probability the district court would have imposed a different sentence had it not erred, and that the Court should exercise its discretion to correct the error. *See id.* at 14-16.

The government does not dispute that reliance on a bare arrest record is clear and obvious error. *See* Brief of Appellee ("Gov't Br.") 18-19. *See id.* While it disagrees about the remaining prongs of plain error, its arguments lack merit.

---

[1] Mr. Smith's state court charges have since been dismissed. *See* Williamson County Docket, Case Nos. 24-05466-2 and 24-05489-2; *see also* Fed. R. Evid. 201 (noting the court can take judicial notice of a fact not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001).

**A. The district court erred by relying on bare arrest records when sentencing Mr. Smith.**

As to the first prong, the government argues the district court never erred or imposed a substantively unreasonable sentence in this case. It claims that the court did not rely on bare arrest records during sentencing because (1) it only referenced Mr. Smith's then-pending charges to correct defense counsel's statement about the absence of any new charges, Gov't Br. 13, 20; (2) the probation officer "provided the court and defense counsel with supporting documentation" for the new charges, Gov't Br. 21-22; (3) defense counsel indicated she was "satisfied" with the adequacy of the information presented about the charges, Gov't Br. 14, 21; and (4) Mr. Smith "tacitly admit[ted]" he had committed the underlying conduct involved in the charges, Gov't Br. 14, 20-21. Each of these arguments fails.

First, the government is wrong that Mr. Smith's then-pending charges only came up at sentencing because of defense counsel's comments. To be sure, defense counsel was the first to raise the issue of new charges. ROA.223. She stated, during her sentencing arguments, that Mr. Smith had not received new charges during his time on supervised release. ROA.223. That statement was accurate, as far as she knew, since neither she nor Mr. Smith received notice of any new charges until the hearing.[2] At that point, the district court responded to defense counsel with a

---

[2] As explained in the opening brief, Mr. Smith was merely informed at the initial appearance that he had been arrested on a federal warrant based on his alleged violations of supervised release conditions, and he was not told that state authorities had also filed evading

correction—based on information not disclosed to Mr. Smith or his attorney—that Mr. Smith had, in fact, received new charges that had been filed in state court. ROA.223.

But the discussion did not end there.  After that exchange, the prosecutor brought up the pending charges again when making his sentencing arguments.  He emphasized Mr. Smith had been "arrested in Williamson County" and "charged with [Texas] evading arrest and failure to identify himself," concluding that, "*for those reasons*[,]" he would ask for a sentence at the high end of the 5-11 month Guidelines range.  ROA.225 (emphasis added).  And after the prosecutor's arguments, the district court brought up the arrest records a third time.  When explaining its reasons for imposing a 24-month term of imprisonment on Mr. Smith, the district court again mentioned the "pending new law violations," explicitly relying on that factor as a basis for its decision.  ROA.227.  Thus, the district court did not just reference the pending charges one time in response to a statement by defense counsel.  The pending charges were a focus of the hearing, and the court expressly relied on them when imposing the sentence.  *See United States v. Zarco-Beiza*, 24 F.4th 477, 483 & n.6 (5th Cir. 2022) (noting that defense counsel had first raised the issue of pending charges, making "some responsive comment from the court"

---

arrest or failure to identify charges based on that arrest.  *See* Def. Br. 4 (citing ROA.216-217). That information was also not contained in the petition seeking revocation of his supervised release.  *See* Def. Br. 3-4 (citing ROA.122-125).

4

understandable, but concluding the court's *repeated* references to this arrest record reflected erroneous reliance on that factor).

Second, the record does not show the probation officer provided the court and defense counsel with any additional information about the conduct involved in the new charges. The government notes that, during the revocation hearing, defense counsel alerted the court that the probation officer handed her "information" showing that Mr. Smith had a "case" pending in Austin, Texas, which involved an arrest date of "October 24," and an upcoming "court date on March 25th." ROA.225. The government argues these statements show the probation officer provided Mr. Smith and the court with facts about the conduct leading to Mr. Smith's new charges. Gov't Br. 21-22.

There are a few problems with that argument. The main problem, which the government acknowledges, is that neither the probation officer nor the government admitted the document referenced above into the record. Gov't Br. 13, 21; *see also* ROA.225. Thus, there is no basis in the record for concluding that the probation officer provided details about Mr. Smith's underlying conduct to either defense counsel or to the court.

And the record does not otherwise allow the Court to infer that the probation officer provided these types of details to the court. The transcript suggests only that the probation officer provided defense counsel with limited information about the

date of Mr. Smith's arrest, the jurisdiction of the new charge, and the date of a future hearing. ROA.225. That information would not save this arrest record from being bare. *See Foley*, 946 F.3d at 686-87 (explaining an arrest record is "bare" if it only refers to the "fact of an arrest—i.e., the date, charge, jurisdiction, and disposition," or "next state court dates"). And, again, there is no evidence the probation officer provided even that limited amount of additional information to the court.

Third, the government is wrong that defense counsel told the court she was "satisfied" with the information provided by the probation office. Gov't Br. 21. Defense counsel never made any such representation to the court. It is true that she did not object. But her failure to object is not a waiver or concession. *See generally United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002) (explaining that a waiver is the "intentional relinquishment of a known right"). It merely subjects Mr. Smith to plain-error review on appeal. *See generally United States v. Campos*, 922 F.3d 686, 688 (5th Cir. 2019).

Fourth, Mr. Smith never tacitly admitted to committing the conduct involved in the new, pending charges. In fact, neither Mr. Smith nor defense counsel discussed this conduct at all during the revocation hearing. ROA.220-228. Mr. Smith pled true to the supervised release violations involving failure to report to the probation office. ROA.221. However, those violations involved different conduct than what is required for the commission of Texas evading arrest or failure to

identify. *See* Tex. Penal Code § 38.04 (noting that evading arrest requires a person to intentionally flee from a law enforcement agent attempting to arrest or detain them); Tex. Penal Code § 38.02 (noting that failure to identify requires a person to intentionally refuse to give their name, residence address, or date of birth to a law enforcement agent who requested that information, or to give false information).  To the extent the government argues Mr. Smith or his counsel admitted this conduct by remaining silent, that argument is incorrect.  *See generally Jackson v. United States*, 250 F.2d 897, 900 (5th Cir. 1958) ("Silence, in the absence of a duty to speak, is not an admission.").

In the alternative, the government argues that Mr. Smith's arrest records were not a dominant factor at sentencing and were, at most, a secondary consideration. Gov't Br. 22-23.  It claims: (1) the district court mentioned other facts besides the new charges when articulating the sentence; (2) it also referenced Mr. Smith's past sex offense conviction and his record of uncooperative behavior during other portions of the hearing; (3) when the court told defense counsel she could file a request for a rehearing if the state charges were dismissed, it was "merely t[elling] [defense] counsel the obvious" about procedural steps available to her; and (4) the case law weighs against reversible error.  These arguments also fail.

First, the government is correct that the court mentioned various facts when articulating the sentence.  *Id.* at 22; *see also* ROA.226-227 (stating that "an upward

variance [was] appropriate" because "[h]e absconded for one and one half years; and also based upon the history and characteristics of the defendant -- he failed a drug test and pending new law violations"). However, the other facts mentioned by the court all related to the underlying supervised release violations. *See* ROA.122-125 (petition). The applicable Guidelines range of 5-11 months' imprisonment already accounted for those facts. Mr. Smith's recent arrest record was the only fact mentioned by the court that was *not* captured in the Guidelines calculation, and it stands to reason that this additional fact was the central basis for the court's decision to vary significantly above the Guidelines.

Second, the court did not rely on the prior sex offense conviction or any past uncooperative behavior when determining Mr. Smith's sentence. When articulating the reasons for the sentence, the district court did not mention either of those factors. *See* ROA.226-227. It mentioned the prior sex offense conviction during an earlier portion of the hearing. ROA.222. But it mentioned that conviction once in passing, and in response to defense counsel's statement about Mr. Smith being the victim of sexual assault. ROA.222. That isolated statement, made before Mr. Smith provided his allocution statement and the government provided its sentencing argument, does not indicate the court relied on that conviction when deciding Mr. Smith's sentence. As for the allegedly uncooperative behavior, the district court did not reference that factor at all. Mr. Smith had a prior proceeding to modify his supervised release

8

conditions. ROA.201-214. But that proceeding occurred while Mr. Smith was still serving his original sentence. It stemmed from the fact that he was unable to find housing before being released on supervision. And the court ultimately modified his supervision conditions to allow him to stay at a halfway house after release, with agreement from all parties, and without making any factual findings about Mr. Smith being uncooperative. ROA.112-113, 117-118; *see also* ROA.205-208.[3] In short, there is no basis in the record for finding the district court relied on uncooperative behavior from Mr. Smith when deciding the sentence in this case.

Third, the government is wrong that, when the court permitted counsel to file a motion for rehearing in the event of developments in the state cases, it was "merely t[elling] counsel the obvious" about litigation steps available to her. Gov't Br. 28. The step of moving for a post-sentencing rehearing is not an obvious step for defense counsel to take after a sentencing. The district court has only a limited power to resentence a defendant. *See United States v. Willis*, 76 F.4th 467, 471 (5th Cir. 2023). Rule 35(a) permits a district court to correct a sentence if that sentence resulted from "arithmetical, technical, or other clear error," but that rule has a very

---

[3] The probation officer alleged, in the petition seeking modification of the supervised release conditions, that Mr. Smith had not cooperated when the probation office asked him, outside the presence of counsel, to agree to additional conditions of supervised release. But the district court never made any factual findings about whether Mr. Smith had been uncooperative. And defense counsel explained, during the modification hearing, that Mr. Smith was simply "reluctant to sign a document [agreeing to more stringent supervised release conditions] without conferring with counsel," and was "willing to make those modifications" after conferring with counsel. ROA.208.

narrow scope and is "not intended to afford the court the opportunity to change its mind about the appropriateness of the sentence." *Willis*, 76 F.4th at 472 (cleaned up). Here, the fact that the court was willing to entertain a motion for rehearing in the event of dismissal of the state cases further indicates that those cases were a dominant factor in the court's analysis.

Finally, the government's cited case law is unpersuasive. The government relies on *Gallegos-Ortiz*, but that case involves different facts. *See United States v. Gallegos-Ortiz*, 843 F. App'x 610, 611-12 (5th Cir. 2021) (unpublished). There, the revocation petition alleged certain adjudicated arrests. *See id.* But the government abandoned those allegations at the revocation hearing, and the court did not rely on the arrests when determining the sentence. *See id.* This Court thus concluded that the defendant's bare arrest record was not a dominant factor at sentencing. *See id.* at 612. Here, in contrast, the government specifically asked the court to rely on Mr. Smith's bare arrest record when imposing the sentence, and the district court expressly did so. While the bare arrest record was not a dominant factor in *Gallegos-Ortiz*, it was a dominant factor in this case.

The government also cites *Reynoso-Escuadra*, *Cotton*, *Gonzalez-Achondo*, and *Salazar*, but none of those cases involve sentences imposed after revocation of supervised release. *See United States v. Reynoso-Escuadra*, 821 F. App'x 330, 335 (5th Cir. 2020) (unpublished) (rejecting a bare arrest record claim in an illegal

reentry case when the sentencing court referenced past arrests listed in the PSR and explained it was simply "read[ing]" through the criminal history "like [the court does] in every case"); *United States v. Cotten*, 650 F. App'x 175, 177 (5th Cir. 2016) (unpublished) (rejecting a bare arrest record claim in a tax case when the court imposed a below-Guidelines sentence after mentioning the defendant's prior arrests listed in the PSR, as well as the defendant's four prior convictions and the sophisticated nature of the fraud scheme); *United States v. Gonzalez-Achondo*, 493 F. App'x 539, 540-41 (5th Cir. 2012) (unpublished) (rejecting a bare arrest record claim in an illegal reentry case when the court imposed a within-Guidelines sentence after mentioning the defendant's prior arrests listed in the PSR, as well as the defendant's eight prior convictions and the serious nature of the offense); *United States v. Salazar*, 633 F. App'x 267, 267-68 (5th Cir. 2016) (unpublished) (rejecting the defendant's argument that the district court denied his motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2) based on bare arrest records when there was "no indication that the mention of the pending charges [listed in the PSR] had any bearing on the district court's decision"). Consequently, those cases also do not support the government's argument that Mr. Smith's bare arrest record was not a dominant factor at his sentencing.

**B. The error impacted Mr. Smith's substantial rights.**

The government next argues that, even if Mr. Smith prevails on the first two prongs of plain-error review, he cannot show a reasonable probability of a lesser sentence on remand. Gov't Br. 29-30 (citing *United States v. Mims*, 992 F.3d 406 (5th Cir. 2021), and *United States v. Canales-Martinez*, 558 F. App'x 467 (5th Cir. 2014) (unpublished)). That argument is incorrect.

This Court has suggested a defendant will generally satisfy the third prong of plain error when he demonstrates that an improper factor was a dominant consideration at sentencing. *See United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015) (finding the defendant met her burden as to the first two prongs of plain-error review, and that "[t]herefore, Rivera has shown a reasonable probability that, but for the district court's error, she would have received a lesser sentence"). Such is the case here. The district court relied on Mr. Smith's bare arrest record as a dominant factor at sentencing, for all the reasons discussed above. He has met his burden to show a reasonable probability of a lesser sentence on remand.

*Mims* and *Canales-Martinez* are inapposite. *Mims* involved an appeal of a revocation sentencing decision imposed under an incorrect advisory Guidelines range. *See Mims*, 992 F.3d at 410. The Court ultimately affirmed the sentence, but it specifically declined to decide whether the defendant met her burden under the third prong of plain-error review. *See id.* (noting the record was ambiguous and it

was "plausible that the [district] court would have accepted an even lower sentence had the correct range been considered"). That case therefore does not support the government's argument.

*Canales-Martinez* involved a bare arrest record claim raised in an illegal reentry case. *See Canales-Martinez*, 558 F. App'x at 468. The defendant claimed the district court relied on the mere fact of his prior arrests when deciding his sentence. *See id.* The Court disagreed, finding that the defendant met his burden on the first two prongs of plain error but not on the third. *See id.* at 469-70. That case did not involve a sentence imposed upon revocation of supervised release, however. The defendant did not have the burden of showing, on the first prong of plain-error review, that the improper consideration was a dominant factor at sentencing. Thus, *Canales-Martinez* also does not support the government's argument that, if Mr. Smith prevails on the first two prongs of plain-error review in this case, he cannot prevail on the third.

**C. This Court should exercise its discretion to correct the error.**

Finally, the government argues the Court should not exercise its discretion to correct any district court error in this case. Gov't Br. 32-34. It argues the Court's discretion would not be appropriate here because Mr. Smith "pleaded true to numerous violations of his supervised release" and "[t]he nature of those violations

showed a gross disregard for the law and the supervised release requirements." Gov't Br. 32-34 (citing *Mims*, 992 F.3d at 409).

The government is wrong. Mr. Smith pled true to violating his conditions of supervised release. But his infractions were Grade C violations, the least serious type. *See* USSG §7B1.1(a). There was no allegation he committed any new federal offense or engaged in any type of violent conduct. And there was no allegation he committed these violations in an effort to return to the conduct involved in his underlying conviction. This case therefore does not involve any countervailing factors that would preclude Mr. Smith from satisfying plain error's fourth prong. *Cf. Mims*, 992 F.3d at 409-11 (finding the defendant failed to satisfy the fourth prong of plain-error review because there was evidence she "violated her terms of supervised release in an effort to return to" the "same types of fraudulent activity" for which she was originally convicted).

Consequently, Mr. Smith has met his burden on all four prongs of plain error. This Court should vacate his sentence and remand for resentencing.

## CONCLUSION

For the reasons stated above and in the opening brief, this Court should vacate

the sentence and remand to the district court for resentencing.

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas

s/ R. Victoria García-Cross
R. VICTORIA GARCÍA-CROSS
Assistant Federal Public Defender
Attorneys for Appellant
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056
Telephone: (713) 718-4600

# CERTIFICATE OF SERVICE

All parties required to be served with copies of this document have been so served by filing via the Fifth Circuit ECF filing system.

s/ R. Victoria García-Cross
R. VICTORIA GARCÍA-CROSS

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 3,318 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Office 365 (current version) software in Times New Roman 14-point font in text and Times New Roman 12-point font in footnotes.

3.      This brief complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because the brief has been redacted of any personal data identifiers.

4.      This brief complies with the electronic submission of 5th Cir. R. 25.2.1 because this brief is an exact copy of the paper document.

5.      This brief is free of viruses because the brief has been scanned for viruses with the most recent version of a commercial virus scanning program.

s/ R. Victoria García-Cross

R. VICTORIA GARCÍA-CROSS